# UNITED STATES COURT OF APPEAL
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| Dr. AYYAKKANNU MANIVANNAN, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 1:17 cv-00192-TSK-MJA |
| v. | : | |
| | : | |
| DEPARTMENT OF ENERGY, | : | (4th Circuit Court Docket No. 19-2188) |
| | : | |
| Defendant-Appellee | : | |

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
------------------------------

## BRIEF OF APPELLANT

Pursuant to Local Rule 34(b) and this Court's Order dated October 29, 2019, *Pro se* Appellant Ayyakkannu Manivannan respectfully submits the statement of errors complained of on appeal, and in support thereof respectfully states the following.

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION…………………………………………. 3

STATEMENT OF THE ISSUE…………………………………………… 3

INTRODUCTION……………………………………………………….... 4

ARGUMENT……………………………………………………………. 9

I.    THE REPORT AND RECOMMENDATION ERRED BY FINDING
THAT FAILURE TO PAY ASSESSED FEES CLOSED PLAINTIFF'S
FOIA REQUESTS 1069, 1268, 1284, 1347, 1348, 0078 AND 1759 ------------------ 9

II.   THE REPORT AND RECOMMENDATION ERRED BY FINDING
THAT PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE
REMEDIES WITH RESPECT TO REQUESTS 890 AND 946
AND CONSTRUCTIVE EXHAUSTION IS NOT APPLICABLE.

  A. The Report and Recommendation Is Incorrect and Contradicts the Court's
and the Magistrate's Earlier Statements. --------------------------------------------------------11

  B. This Portion of the Report and Recommendation Errs as a Matter of Law By
Incorrectly Equating the Date Plaintiff Amended His Complaint with the Date
Plaintiff Filed Suit. ------------------------------------------------------------------------------13

III.  THE REPORT AND RECOMMENDATION ERRED IN FINDING
THAT THE AGENCY PERFORMED AN ADEQUATE SEARCH WITH
RESPECT TO REQUESTS 833, 1070, AND ONE PART OF REQUEST 1284---15

IV.  THE REPORT AND RECOMMENDATION COMMITS CLEAR
ERROR BY FINDING THAT DOE PROPERLY APPLIED AND
ASSERTED EXEMPTIONS 5 AND 6 PURSUANT TO 5 USC §552(B)(5)-(B)(6)

  A. The DOE Did Not and Could Not Have Supported Its Assertions of
Exemption 5 (Attorney-client privilege and deliberative process
privilege) and Exemption 6 (Personal Privacy) --------------------------------------------16

  B. The Agency's Vaughn Index Plainly Fails to Support the DOE's
Assertions of Exemption 5 (Attorney-client privilege and
deliberative process privilege) and Exemption 6 (Personal Privacy) --------------------18

  C. The Report and Recommendation & District Judge Memorandum of
Opinion Both Erroneously Accepted DOE Withholding of Documents
Unrelated to Any Agency Policy -------------------------------------------------------- 20

  D. Further objection identifying errors and the basis for objection in
the 2/8/2019 report ------------------------------------------------------------------------ 22

V.   CONCLUSION ------------------------------------------------------------------------ 23

# STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over this timely appeal filed on October 29, 2019, from a final judgment of the United States District Court for the Northern District of West Virginia that was entered on September 30, 2019. The district court's jurisdiction was based upon 5 U.S.C § 552(a)(6)(C)(i), 5 U.S.C. § 552(a)(4)(B), 5 U.S.C § 552(a)(6)(A)(i) and 28 U.S.C. § 1331.

# STATEMENT OF THE ISSUE

The District Judge erred (ECF 88) by ignoring Appellant's objections (submitted 3/18/2019, ECF 86) to the erroneous report and recommendation by Magistrate Judge (R&R 2/8/2019, ECF79) who failed to follow his own order (R&R 2/21/2018, ECF30). **In ECF 30 (page 15) District Court ruled Plaintiff is deemed to have exhausted administrative remedies for FOIA requests and fees were not an issue as well.** In ECF 88, the District Judge erred (neglecting Plaintiff's objections in ECF86) by adopting Magistrate Judge's R&R dated 2/8/2019 (ECF79) that ignored the Appellant's Motion for Summary Judgment (ECF69). Thus, the District Court erred to follow their own order ECF 30 (directing the Agency to release Plaintiff's FOIA claims, 2/21/2018) following FOIA laws. Agency did not follow the Court order. Plaintiff objected in ECF69 & ECF86. Regardless of timely objections made by the Plaintiff, the District Court abused their discretion (in ECF79 & ECF88) by overruling their previous decision (ECF30) without any explanation. Two examples of questionable issues:

1) Whether the Department of Energy (DOE) made a determination within the meaning of the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i) ("FOIA"), that required Appellant Dr. A. Manivannan to **exhaust administrative remedies** before filing suit in the district court. *Citizens for Resp. and Ethics v. FEC, No. 12-5004 (D.C. Cir. 2013)*

2) District Court erred to treat each FOIA independently especially for **fee requirements**. Details are explained below. 5 U.S.C § 552(a)(6)(A)(i) was not followed. Agency never made determination letters for FOIAs 1347, 1759, 78, 1348 at any time.

<u>NOTE:</u> Requested FOIA numbers are 1070, 946, 833, 890, 1347, 1759, 78, 1348, 1069, 1268. The fee was requested for only FOIAs 1069,1268 & 1284 not for others. **Two FOIA letters from OHA appeals (EXHIBIT 3, ECF69 and EXHIBIT 11, ECF17) are attached for the convenience of Appellate Court for review. OHA specifically stated that Appellant has exhausted administrative remedies and no fee requirement for all FOIAs except 1069,1268 & 1284.**

<u>Proof for the above two points & Major error committed by the District Court Judge:</u>
In page 41 (ECF 88) District Judge stated, "`16 categories of records…requested…investigator`" and "`Ann Guy states that plaintiff never paid fees.`" for FOIA 1347. This is wrong according to OHA letter (EXHIBIT 3)
In pages 6&7 (ECF 88) District Judge affirms Magistrate Judge's first R&R (ECF 30, 2/21/2018) that states, "`FOIA requests 833,890,1070,946,1347, 78, 1759 and 1348. Id.`" "`he deemed those Requests exhausted as well. Id. Judge Aloi directed NETL to respond to the nine FOIA requests above. Id. at L6-71. Judge Keeley adopted the R&R on May 2I,2018.`" (refer EXHIBIT 3 ECF 69& EXHIBIT 11, ECF 17)

But in pages 10&11 (ECF 88) District Judge erred by accepting the statements (**below**) by Magistrate Judge's second R&R (ECF79, 2/8/2019) that contradicted from first R&R (ECF30, 2/21/2018) (**above**)
"`recommended that the Court dismiss Requests 1069,1284,1347,1348,78, and 1759 because they were closed for failure to pay fees.`" "`failed to exhaust his administrative remedies for requests 890 and 946.`" As per OHA letter this applies to only FOIAs1069,1268 & 1284 (missing) and not for other FOIAs. (refer EXHIBIT 3 ECF 69& EXHIBIT 11, ECF 17)

## INTRODUCTION

The District Court's Report and Recommendation (Magistrate Judge, ECF 79) and Memorandum of Opinion (District Judge, ECF 88) issued on February 8, 2019 and September 30, 2019 respectively failed to follow their own Recommendation (in ECF 30) and order of adoption (ECF 52) specifically stating, "*DENIES in part the defendants' motion to dismiss Manivannan's*

*FOIA claim (Dkt, No.11",* by District Judge). The erroneous analysis and conclusions (contradicting ECF 30) by Magistrate Judge (R&R ECF 79) adopted by District Judge Memorandum of opinion (ECF 88) contain reversible errors, including abuses of discretion and errors of law, as explained more fully as set forth herein. Magistrate Judge erroneously granted Defendant's motion for summary judgment and the District Judge erred by affirming and ignoring Appellant's objections to specific legal points discussed below.

The Report and Recommendation (ECF 79) failed to follow the Magistrate's own conclusions and recommendations as set forth in the Magistrate Judge's earlier Report and Recommendations issued on February 21, 2018 (ECF No. 30) (First Report and Recommendation). The second Report and Recommendation (ECF 79) also failed to address the Agency's failure to comply with the First Report and Recommendation and neglects to address Defendant's failure to make a timely determination within the timetables established in 5 U.S.C § 552(a)(6), as Plaintiff has repeatedly pointed out. As a result, adoption of the current Report and Recommendation would, among other things, result in the Court contradicting itself on the fee payment by the Plaintiff. (*See* R&R dated 2/21/2018 at 15.) Additionally. the second Report and Recommendation erroneously and contradictorily recommends denying Plaintiff's Motion for summary judgment, despite the fact that Plaintiff had presented the Court with evidence—which the Agency has not and cannot contradict—that the DOE Office of Appeals and Hearing (OHA) had already directed the Plaintiff to proceed to District Court. (*Id.*) OHA directed the Plaintiff to proceed to District Court because Plaintiff exhausted administrative remedies and no fee payment required. (Summary Judgment Def. Exhibits. 2, 3, 15 & Government Exhibit 10.)

Adoption of the Report and Recommendation already resulted confirming those errors as a matter of law and to an abuse of the Court's discretionary powers because the Magistrate Judge

(a) failed to conduct an *in camera* review of redacted information challenged in Plaintiff's action, (b) erroneously concluded that the agencies patently insufficient and erroneous Vaughn index was sufficient to uphold the Agency's improper withholding and redactions, (c) failed to adequately address the Agency's improper processing of several FOIA requests, and (d) failed to recommend that the Court enjoin the agency from any further "improper withholding" of responsive records under 5 U.S.C § 552(a)(4)(B).

The legal standards as described by the Magistrate Judge in the Report and Recommendation (ECF 79) have not been followed (*See* R&R 16-17.) This Court erred in the analysis section and it is very concerning that the law is not followed based on the First Report and Recommendation, as addressed in more detail below. In summary, the Magistrate Judge abused his discretionary powers by favoring the Agency and neglecting Plaintiff's arguments, and by failing to follow the requirements of 5 U.S.C § 552(a)(6), 5 U.S.C § 552(a)(4)(B), 5 U.S.C § 552(a)(6)(C)(i). The analysis set forth by the Magistrate Judge failed to explain these errors or explain them away and failed to offer sufficient basis for its recommendation that the Court grant Summary Judgment for the Agency. District Judge erred by ignoring Appellant's legal objections (made in ECF 86) even after addressing the errors especially by not reviewing it *de novo*. District Judge also erred in adopting Agency's motion for summary judgment that Appellant objected.

**The following five points briefly illustrate erroneous conclusions or recommendations in the Report and Recommendation (ECF 79) and adopted in the Memorandum of Opinion (ECF 88):**
1) District Court erred in justifying and concluding 2/8/2019 report that even in contraction to the Court's order previously granted (2/12/2018) in favor of Appellant. The redacted/requested documents by the Plaintiff are not related to any Agency Policy and further, they are not even labeled by the Agency as "pre-decisional" or "deliberative." Typical Agency policy decision documents will be labelled as "pre-decisional" or "deliberative" before finalizing to "post-decisional." Magistrate Judge utterly failed to specify the role played by withheld documents and its relation to Agency policy-formulation process and failed to review them *in camera* as requested by the Plaintiff. District Judge (9/30/2019) erred by adopting it.

2) District Court erred by accepting the exemptions (5&6) under Attorney-client privilege (ACP), attorney work-product (AWP) and deliberative process privilege (DPP). The requested documents are not related to any Agency Policy being formulated and there was no legal issue or lawsuit between the Plaintiff and the Agency in order to grant those exemptions. District Judge (9/30/2019) erred by adopting it.

3) District Court also committed a crucial error on the lawyer-client privilege (ACP) (defendant Exhibit 1, Vaughn Index) since the Agency is not a client or lawyer to Centre County Prosecutor or Penn State officials. District Judge (9/30/2019) erred by adopted it.

4) District Court abused its discretionary powers to deny (2/8/2019 report) Plaintiff's requested documents without any legal explanation. Magistrate Judge erroneously contradicted his previous decision (2/21/2018) ordering the Agency to release requested documents to Plaintiff and the District Judge (9/30/2019) erred by adopting it.

5) District Court followed *U.S.C. § 552(a)(6)(C)(i)* mentioned in OHA letters dated 11/14/2017 & 9/22/2017 (ie. Plaintiff deemed to have exhausted all administrative remedies and may proceed with this matter in federal district court) in its R&R 2/21/2018 report but, one year later, failed to follow and sustain its decision in the 2/8/2019 report and made contradictory/erroneous analyses. On 9/30/2019 District Judge again erred by adopting it.

Appellant explains a simple example of a major error in the Report and Recommendations concerns the Magistrate Judge's reliance on *personal privacy* of the *Plaintiff* as a basis for denying the Plaintiff's request for certain information from the DOE. In his prior submissions, Plaintiff challenged the Agency attempts to rely on the need to protect the privacy of ***Plaintiff*** from the ***Plaintiff*** under Exemption 6 in Exhibit 11, ECF69. The Magistrate Judge failed to review *in camera* the redacted name (Appellant name). Had it done so, it would have learned that the name redacted was *Plaintiff's*. Similarly, Plaintiff challenged the EXHIBIT11 in ECF69 for *in camera* review to identify the redacted portion of "*Centre County Prosecutor*" which again does not affect any Agency employee's privacy.

The Report and Recommendation states: "*Exemption 6 allows for an agency to withhold and prevent the disclosure of information which would constitute a clearly unwarranted invasion of personal privacy. Havemann v. Colvin*, 629 Fed. Appx. 537 (4th Cir. 2015)." (R&R 6) (emphasis added). This statement is not valid when the Agency redact

***Plaintiff's*** name and the non-agency Prosecutor as mentioned in EXHIBIT 11, ECF69 above.

*What could be the unwarranted invasion of personal privacy of the Plaintiff?* Plaintiff deserves a legal answer for his name redaction. (EXHIBIT 11, ECF69, attached here for convenience)

Appellant challenged b (6) exemption in EXHIBIT11, ECF69 that his name was redacted (taken from Court transcript P50-51). District Court never addressed this issue raised by the Appellant.

```
DR. MANIVANNAN: This is -- my name has been redacted. I would like to know why
name is -- whose privacy is violated? I do know it's my name redacted there.
THE COURT: Well, what I do know, Mr. -- Dr.Manivannan, is that it is not an
uncommon thing that whenever someone provides documents that they do redact
names –
THE COURT: -- for reasons of privacy. Now, whether or not someone went through
it and redacted all names, including yours, I mean, I understand your point.
How are they protecting your privacy? You're the one who asked for it. But I –
- again, they're just required to make a reasonable search and provided
responses as to why they haven't provided something. I have that information.
I understand you disagree with that. I have your response. It's not -- your
opposition to the motion, along with your exhibits. And you've done a good job,
Dr. Manivannan, making your position.
DR. MANIVANNAN: Thank you.
THE COURT: I'm certainly going to sit down, take a look at it and then I will
make a recommendation to the court as to whether or not their motion should
be granted or not.
```

Appellant's request for *de nevo* review especially regarding his name and it was neglected, and the Judge adopted (ECF 88) it. See below his erroneous statement in Page 46:

```
Last, she explains her application of Exemption 6, Personal Privacy:
The information withheld pursuant to this Exemption consists of private
individuals' names. Access to this withheld information would violate the
privacy interest of the subject of the information and the private harm would
outweigh any pubic gain from disclosure.

The information redacted and withheld pursuant to Exemption 6 has been reviewed
to ensure that all reasonably segregable information in the documents has been
released from the documents to Plaintiff.

Id. 13, I4. These statements are nonconclusory and relatively detailed
explanations of the claimed exemptions. Plaintiff has not produced any
contradictory evidence of bad faith. Therefore, the Court finds that the
exemptions are proper/ and an 1n camera inspection of the contested documents
is unnecessary.
```

District Court erred not to verify *de nevo in camera* when the Plaintiff challenged his name redaction. This is an excellent example demonstrating the District Court's erroneous conclusion and prejudicial nature. Therefore, Appellant requests the Appellate Court to reverse the District Court's conclusion.

**ARGUMENT**

Once an objection is asserted, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *see also Benjamin v. Saad*, No. 5:17CV161, 2019 WL 851930, at *2 (N.D.W. Va. Feb. 22, 2019) ("under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made"). Now Appellant appeals this issue to 4th Circuit Court since the District Judge affirmed the errors committed by the Magistrate Judge as explained above.

The Memorandum of opinion adopting the Report and Recommendation have four categories of analysis (R&R Parts A, B, C, D) each contain errors and conflict with the First Report and Recommendation (2/21/2018). Appellant has the strong legal point/position to object to all the analysis since the District Court completely reversed its own order (2/21/2018) by contradicting to its own decision and the basis is explained below. In all the categories Magistrate Judge's errors (ECF 79) are described below and now the District Judge erred by adopting all the errors in his final memorandum of opinion (ECF 88): (It is sad that no FOIA laws were followed)

**I. THE REPORT AND RECOMMENDATION ERRED BY FINDING THAT FAILURE TO PAY ASSESSED FEES CLOSED PLAINTIFF'S FOIA REQUESTS 1069, 1268, 1284, 1347, 1348, 0078 AND 1759.**

Why does the Magistrate Judge find Plaintiff's failure after a year later when he already read the OHA letter (confirming the exhausted administrative remedies and no fee requirement) dated 11/14/2017 (EXHIBIT 3) specifically citing 5 U.S.C § 552(a)(6)(C)(i) to proceed to District Court? FOIAs 1069,1268 & 1284 are the only FOIAs denied by the Agency

9

stating that Plaintiff missed the deadline to make a revised fee request. This is correct. It is

erroneous that Magistrate Judge stated that Plaintiff's failure to pay for FOIAs 1347, 1348,

0078 and 1759. Plaintiff objected this decision by the Magistrate Judge. Refer to the OHA

letter dated 11/14/2017 (EXHIBIT 3) specifically citing 5 U.S.C § 552(a)(6)(C)(i). But the

District Judge erred by adopting all the errors in his final memorandum of opinion (ECF 88):

This Court's analysis is erroneous and the basis for the objection is explained below:

1.    This Court is in contradiction (2/8/2019 report) to its previous order made on 2/21/2018 based on the OHA decision letter dated 11/14/2017 (EXHIBIT 3) under 5 U.S.C § 552(a)(6)(C)(i) (*deemed to have exhausted administrative remedies and may proceed with this matter in federal Court*). It also states, "*Since the DOE has not issued a final determination for these requests within the statutory time limit, you may be deemed to have exhausted your administrative remedies and may proceed with this matter in federal district court. 5 U.S.C. § 552(a)(6)(C)(i). In the alternative, after receiving a final determination from NEIL, you may file another appeal with OHA if you are not satisfied with that determination.*" It is important to note "**No fee requirement is mentioned in this letter for FOIAs 1347, 1348, 0078 and 1759**."

2.    This Court ordered the Agency in the First Report and Recommendation to respond to these FOIAs following the OHA decision letter dated 11/14/2017.

3.    Now, the Court contradicts its own decision, stating fees are required in the REPORT AND RECOMMEDATION dated 2/8/2019. Plaintiff is embarrassed with this injustice and confused. Therefore, Plaintiff preserves the objection.

4.    There is no determination letter justified by the Agency requesting fees for these four FOIAs (1347, 1348, 0078 and 1759). (Refer EXHIBIT 3 attached here)

In the analysis section the Magistrate Judge stated:

Here, Plaintiff's request for a fee waiver was denied" on August 7,

2017 and Defendant NETL " issued a revised fee determination on

September 22, 2017 requiring $5,000.00 in search fees be paid prior to

initiation of the search." (Defs Reply, ECF No. 70, at 1-2) (citing Guy Decl.

at, p 30 - 31, Ex. 7- 8 and 66, (ECF No. 62-8, 9, 67)). There has been no

evidence submitted that would indicate Plaintiff ever paid the required search

fees and therefore, the undersigned finds that Plaintiff's failure to pay the

assessed fees allowed for the Defendant, NETL, to properly refuse to continue

processing Plaintiff's FOIA Requests 1069, 1268, 1284, 1347, 1348, 0078 and

1759.

This statement by the Magistrate Judge is correct for only FOIAs 1069, 1268 & 1284.

But it is incorrect for FOIAs 1347, 1348, 0078 and 1759. There is no requirement of fees for

FOIAs 1347, 1348, 0078 and 1759 according to OHA decision letter dated 11/14/2017

(EXHIBIT 3). This letter provides Jurisdiction for the District Court where Plaintiff can

proceed with his request. This Court followed it on 2/21/2018 as per OHA decision and

bartered its previous order on 2/8/2019 by failing to follow the OHA decision. Further, the

Magistrate Judge is contradicting his previous decisional order on 2/21/2018 via a REPORT

AND RECOMMEDATION ordering the Agency to respond to these FOIAs following the

OHA decision letter. While this improper decision is contradictory and confusing, the District

Judge erred by adopting all these errors in his final memorandum of opinion (ECF 88).

**II. THE REPORT AND RECOMMENDATION ERRED BY FINDING THAT PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO REQUESTS 890 AND 946 AND CONSTRUCTIVE EXHAUSTION IS NOT APPLICABLE.**

**A.     The Report and Recommendation Is Incorrect and Contradicts the Court's and the Magistrate's Earlier Statements.**

The Magistrate Judge erred by contradicting statements in 2/8/2019 report. Appellant

strongly objected it in ECF 86. Appellant presented the OHA letter dated 9/22/2017 during the

hearings held on 2/8/2018 (2/21/2018 report) and 10/30/2018. As stated in the OHA letter under *5

U.S.C. § 552(a)(6)(C)(i)* the Appellant deemed to have exhausted all administrative remedies and

may proceed with this matter in federal district court. The Magistrate Judge followed this law

code in the 2/21/2018 report but failed to follow and sustain in the 2/8/2019 report and made

erroneous analyses.

The OHA letter dated 9/22/2017 reads: (see EXHIBIT11_1_19_2018, Page 2 of MEMORANDUM IN OPPOSITION….)" submitted on 1/22/2018)

> "Since the DOE has not issued a final determination for these requests within the statutory time limit, you may be deemed to have exhausted your administrative remedies and may proceed with this matter in federal district court. 5 U.S.C. § 552(a)(6)(C)(i). In the alternative, after receiving a final determination from NEIL, you may file another appeal with OHA if you are not satisfied with that determination."

Plaintiff explained it during the hearing (Court hearing transcripts). After the hearing on 2/8/2018, the Magistrate Judge's First Report and Recommendation ordered the Agency to respond to the Plaintiff's FOIA requests based on the above OHA decision letter dated 9/22/2017. The First Report and Recommendation states (ECF 30):

> In this case, to date, NETL has not issued final determinations within the statutory time limit for the following six FOIA requests submitted by Plaintiff: (1) HQ-2017-0833-F/NETL-2017-01017-F, (2) HQ-2017-00890-F/NETL-2017-01016-F, (3) HQ-2017-01070-F/NETL-2017-01080-F, (4) HQ-2017-00946-F/NETL-2017-01081-F (5) HQ-2017-01347, and (6) HQ-2017-01348-F. (ECF No. 17-10 at 2). *Accordingly, Plaintiff is deemed to have exhausted his administrative remedies for those FOIA requests.*

Now, after one year later the Magistrate Judge erroneously finds (ECF 79) Plaintiff has failed to exhaust his administrative remedies with respect to requests 890 and 946. This is an extremely contradictory statement by the Magistrate Judge reversing his own order (2/21/2018). Now the District Judge erred by adopting all these errors in his final memorandum of opinion (ECF 88). Consequently, Plaintiff is once again mistreated, and it is prejudicial.

The Report and Recommendation (ECF 79) indicated that the Appellant did not appeal any determination letter in order to exhaust administrative remedies. **S**ince the OHA had already directed the Appellant to proceed to District Court on 9/22/2017 enabling the Jurisdiction, the Magistrate Judge ordered (as stated above by the Magistrate Judge in 2/21/2018 report) the Agency to response for the Appellant's requests**.** Since District Court was given jurisdiction by OHA, it is futile or not required to appeal to OHA again. Thus, the Report and

Recommendation (ECF 79) erred in stating that Plaintiff "*failed to exhaust his administrative remedies regarding FOIA request 890*" and "*there is no evidence to suggest Plaintiff ever appealed this decision letter to OHA for FOIA 946.*" (R&R 20) This conclusion ignored the First Report and Recommendation's (ECF 30) conclusions and was incorrect. Now the District Judge erred by adopting all these errors in his final memorandum of opinion (ECF 88).

It is obvious that the Plaintiff did not fail to exhaust his administrative remedies with respect to these FOIAs 890 and 946 based on the OHA decision on 9/22/2017, as the First Report and Recommendation made clear. Appellant objected (ECF 86) this contradictory statement in the Report and Recommendation (ECF 79) but the the district Judge in the final memorandum of opinion (ECF 88) erroneously adopted. Therefore, Appellant requests the Appellate Court to reverse this erroneous order.

**B. This Portion of the Report and Recommendation Errs as a Matter of Law By Incorrectly Equating the Date Plaintiff Amended His Complaint with the Date Plaintiff Filed Suit.**

Under FOIA, a federal agency must "'promptly' make records available upon a request which 'reasonably describes such records and . . . is made in accordance with published rules . . . and procedures to be followed.'" *Pollack v. Department of Justice*, 49 F .3d 115, 118 (4th Cir. 1995) (quoting 5 U.S.C. § 552(a)(6)(A) & (B)). If the agency does not respond within 10 days (plus any 10-day extension), a requester is deemed to have exhausted his administrative remedies. *Id.* This "constructive" exhaustion does not occur if the agency has cured its violation by responding "*before the person making the request files suit.*" *Pollack v. Department of Justice*, 49 F.3d 115, 119. Here, the relevant timeline is as follows:

- On August 7, 2017, DOE OHA issued a letter stating that Appellant could not be assessed fees for four of his FOIA requests, including Requests Nos. 890 and 946. (*See* R&R 19.)

- On November 6, 2017, Appellant filed suit. (See ECF No. 1; R&R 2.) Appellant's complaint addressed multiple FOIA requests, including Requests Nos. 890 & 946. (*See* R&R 3.)

13

- On February 21, 2018, Magistrate Judge issued his first Report and Recommendation, recommending that Appellant be permitted to proceed against DOE for his FOIA requests, but requiring the three originally named defendants to be substituted with the DOE as the named defendant by August. (ECF No. 30.)

- On March 8, 2018, after an appeal of May 2017 decision on <u>Request No. 890</u>, NETL released additional documents. (R&R 20.)

- On April 11, 2018, NETL issued a redetermination letter on <u>Request No. 946</u> releasing additional documents. (R&R 20.)

- On April 13, 2018, Magistrate Judge directed Plaintiff to file an Amended Complaint on or before April 26, 2018. (ECF No. 48.)

- On April 25, 2018, Plaintiff filed his amended complaint. (ECF No. 50) The amended complaint, like the first complaint, challenged the agency's response on Request Nos. 890 and 946.

In the Report and Recommendation (ECF 79), the Magistrate Judge has held that Plaintiff failed to exhaust his administrative remedies on Requests Nos. 890 and 946 based on the principle that the agency may "cure its violation by responding *before the person making the request files suit*." (R&R 19) (emphasis added). The Report and Recommendation proceeds to misapply this principle by holding, without citing any authority that "Plaintiff's suit began with the filing of Plantiff's Amended Complaint on April 25, 2018. (R&R 20.) Specifically, the Report and Recommendation states:

> Because the Defendant "cured its violation by responding before the person making the request" ***filed suit*** by issuing a determination letter on April 11, 2018, that was not appealed by the Appellant. the undersigned finds Appellant has failed to exhaust his administrative remedies regarding FOIA Request 946 and constructive exhaustion does not apply.

(R&R 20) (emphasis added).

This conclusion and recommendation are contradictory and erroneous (Compare ECF 30 & ECF 79). Appellant filed suit with respect to Request Nos. 890 and 946 on November 6, 2017, as the Report and Recommendation itself elsewhere acknowledges. (R&R 2-3.) The DOE cannot properly avoid fully complying with those requests because they produced some additional

documents before Appellant was required to file his amended complaint in this action. Because Dr. Manivannan appealed the DOE's improper responses to these requests before he filed suit in November 2017, his claims arising from those requests are proper.

The case cited in the Report and Recommendation in support of its conclusion is inapposite. In *Pollack v. Department of Justice*, the Fourth Circuit explained:

> To the extent that the district court relied on Pollack's failure to exhaust administrative remedies ***once the case was pending in the district court***, we conclude that it erred. Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion to a proper FOIA request, *it may not insist on the exhaustion of administrative remedies*, *see* 5 U.S.C. § 552(a)(6)(C), *unless the agency responds to the request **before suit is filed**. See Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990). Since in this case the Department of Justice did not respond to Pollack's request ***before suit was filed***, it may not insist by reason of *Oglesby* that administrative remedies be exhausted. *See Oglesby*, 920 F.2d at 61.

49 F.3d 115, 118 (4th Cir. 1995). Here, Appellant filed this action on November 6, 2017. Therefore, there is no reason for the Report and Recommendation to conclude that Plaintiff filed later, when he was instructed to amend. All these errors by Magistrate Judge (in ECF 79 opposing his own conclusion in ECF 30) are affirmed erroneously by the District Judge and ignored Appellant's objections as pointed in ECF 86 as set by the FOIA laws. Therefore, Appellant requests the Appellate Court to reverse this erroneous order.

## III.  THE REPORT AND RECOMMENDATION ERRED IN FINDING THAT THE AGENCY PERFORMED AN ADEQUATE SEARCH WITH RESPECT TO REQUESTS 833, 1070, AND ONE PART OF REQUEST 1284.

The Report and Recommendation states that there is no reason to question the good faith of the Agency since the requestor (Appellant) failed to introduce evidence through affidavits or other appropriate means contradicting the adequacy of the search or suggesting bad faith. (*See* R&R Part C.) This was error. Among other things, the record contains ample reason to believe that the Agency's denial to produce the requested FOIA records amounts to

bad faith.  Some of the examples are shown below.

- **Government Exhibit 1: (Vaughn Index)**.  The erroneous Vaughn Index prepared by the Defendant is sufficient as a matter of law and is the evidence of bad faith of the Agency since the Agency claims attorney-client privilege for the communications with Centre County Prosecutor and Pennsylvania State University officials.  The presence of an outside party destroys this privilege.  Agency lawyers are not representing Penn State University or a lawyer representing Centre County.  This erroneous decision made by the Magistrate Judge is explained in detail in the next section (D).

- **EXHIBIT 7: Personal property conflict.**  This are several communications and statements by the Agency that the Agency has not produced the itemized list of personal belongings, records of official delivery of the personal belongings to the Plaintiff. Evidences such as the Agency's letter to Senator confirming the availability of such records and communications between NETL lawyer and Morgantown Police are shown in EXHIBIT 7. The Magistrate Judge ordered the Agency on 2/21/2018 to release such documents. Now, contradicts that decision with the current report made 2/8/2019.

- **EXHIBIT 8: Ms. Williams MDI report/recommendation.**  This report by the Agency states several accusations related to Plaintiff. The Plaintiff is simply requesting evidentiary documents confirming Agency's accusations, especially, FOIA 833 (points a-v) in EXHIBIT 15.  Evidence includes false statements, accusations and recommendation in the MDI report made by the Agency. The plaintiff requested the supporting evidentiary documents and complaints for such accusations. None was provided by the Agency due to inadequate search. Plaintiff objects to the Magistrate Judge recommendation to withhold evidences critical to establishing the nature of Appellant's conduct. Plaintiff objects the Magistrate Judge decision supporting the Agency to hide evidence of a crime/accusation.

FOIA is a proper mechanism to request documents that are directly related to the requester (Appellant).  During the hearing on 10/31/2018 the Magistrate Judge deviated to another criminal case of Appellant and indicated that these records can be obtained via discovery from that case (page 2 of 2/8/2019 report). The Plaintiff argued that FOIA request is an allowed and proper way to obtain such documents. Magistrate Judge erred and contradicted the 2/8/2019 report (Court transcripts). Moreover, it is incorrect to symbolize to another criminal case of Appellant. Now, District Judge adopted all errors concluded by the Magistrate Judge and ignored Appellant's objections as pointed in ECF 86. Therefore, Appellant requests the Appellate Court to reverse this erroneous order failed to follow the FOIA laws.

IV.  **THE REPORT AND RECOMMENDATION COMMITS CLEAR ERROR BY FINDING THAT DOE PROPERLY APPLIED AND ASSERTED EXEMPTIONS 5 AND 6 PURSUANT TO 5 USC §552(B)(5)-(B)(6).**

A.  **The DOE Did Not and Could Not Have Supported Its Assertions of Exemption 5 (Attorney-client privilege and deliberative process privilege) and Exemption 6 (Personal Privacy).**

The Plaintiff objects the recommendation by the Magistrate Judge granting the Agency to withhold records under Exemption 5 and 6. The question remain to be answered is: How did the Magistrate Judge decide that the unreleased and redacted documents are predecisional, deliberative and lawyer-client privileged without reviewing them *in camera*?

The Magistrate Judge erred in recommending summary judgement for the Defendant. Records are predecisional and deliberative only when Agency policies are formulated. In the current situation, no Government policies are formulated. The Magistrate Judge made a recommendation under the presumption of good faith of the Agency without reviewing the documents *de nevo* (*in camera*). The Plaintiff challenged that the documents are not predecisional and deliberative, during hearing and in the Appellant's Motion for summary Judgment. However, the Court failed to address Appellant's challenge to review such records *in camera*. (EXHIBITS 9, 19)

A major error was committed by the Magistrate Judge on the lawyer-client privilege (**defendant Exhibit 1, Vaughn Index**) since the Agency is not a client or lawyer to Centre County Prosecutor or Penn State officials. The Magistrate Judge failed to understand Plaintiff's argument that there is no contract provided by the Agency to demonstrate the lawyer-client privilege.  This challenge was made in the Plaintiff's Motion and during the hearing, but the Court erred by ignoring it.  The Magistrate Judge erred in recommending the communication records, e-mails and phone calls **between the Agency and the Centre County Prosecutor, Penn State Police, officials are lawyer-client privilege**. **This is**

**incorrect**. Plaintiff challenged the Court to identify the lawyer-client relationship of the Agency and the Centre County Prosecutor. This Court failed to address and completely neglected this challenge by Plaintiff and abused its discretionary powers. Instead, the Vaughn Index attached to DOE's prior filings describes the communications between the Agency and the Centre County Prosecutor, Penn State officials. This Court erred in the decision on the communications between the Agency and the Centre County Prosecutor to be eligible for a lawyer-client privilege.

As explained above (page 5), the Report and Recommendation also neglected Plaintiff's challenge to Defendant's ability to assert privilege to purportedly protect ***Plaintiff's privacy*** under Exemption 6.

**B.     The Agency's Vaughn Index Plainly Fails to Support the DOE's Assertions of Exemption 5 (Attorney-client privilege and deliberative process privilege) and Exemption 6 (Personal Privacy).**

Indeed, the DOE's Vaughn index contains claims of privilege that are either factually or legally baseless, or both. Examples include:

Page 1 of the Vaughn Index:

o    ***Claimed privileges as to communications with Megan McGoran, Carmen Borges, Penn State Officials.*** Neither Ms. McGoron, Ms. Borges, or the unidentified "Penn State Officials" referenced in the index are DOE employees or individuals who could conceivably be considered "clients" of the DOE attorneys attempting to claim privilege here.

o    ***Reference to "best approach for responding to subpoena."*** The reference to "a subpoena" is evidence on the record showing that Megan McGoron and Mark Hunzeker were "ADVERSE" with respect to the legal obligations of their two different clients. In short, the criminal prosecutors had issued a subpoena to the DOE for records. This establishes beyond any doubt that there is no work product or attorney client privilege in this document. The assertion of these privileges represents bad faith in this context, because Mr. Hunzeker knows or should know that the DOE's communications with adverse third parties are not privileged.

o    ***AWP/ACP (Attorney Work Product/Attorney Client Privilege):*** The attorney work product doctrine and attorney-client privilege only apply to communications made in confidence between an attorney and their client. Mark Hunzeker's communications with Penn State and Megan McGoron *cannot possibly be privileged* because Mark Hunzeker is not a lawyer

representing Penn State or a lawyer representing Centre County. His client is DOE, not the university or the people of Centre County. Therefore, the Magistrate Judge's ruling regarding the Vaughn index (R&R 27) is clear error and must be rejected.

    o   ***Claim that the "redacted documents were withheld because* they *reflect the opinion and recommendations that Mark Hunzeker, NETL's counsel, made as part of an ongoing, internal decision-making process on the next steps to be taken by NETL and Penn State officials regarding the trial of Plaintiff."***:  There is nothing "internal" about Mr. Hunzeker's communications with Penn State Officials.  Moreover, there is nothing "pre-decisional" about these communications because the Agency had already determined that it would conduct an internal investigation of Plaintiff.  Moreover, even if these communications were "pre-decisional" the deliberative process privilege does not protect communications by an agency with outside parties such as external law enforcement agencies and a large public university.  The agency's assertion of privilege over these communications is plainly baseless, as *in camera* review of the documents no doubt would have established beyond any doubt.

Pages 3, 4 of the Vaughn Index.

    o   **As to the** ***Management-Directed investigation (MDl), the Agency claimed that "Release would have a chilling effect on NETL's decision-making processes and could diminish the chances of people coming forward to testify if necessary if they thought that information would be shared with the Plaintiff."***  This is obviously baseless as an assertion of deliberative process privilege, and neither the DOE nor the Magistrate Judge identifies any authority suggesting otherwise.  Among other things, the fact that some or all of these documents were released in the MSPB proceeding nullifies this asserted justification for withholding them in the context of Plaintiff's FOIA requests.  The DOE's assertion of this privilege here is evidence of bad faith that contradicts finding on Report and Recommendation (R&R 21-22).

    o   ***The DOE asserts privilege as to communications with Megan McGoran, which the Vaughn Index characterized as "Legal advice provided by NETL counsel and Plaintiff's supervisor about attendance at the investigation."***  The presence of McGoran on this e-mail destroys any proper claim of privilege. This redaction must be produced. Report and recommendation in page 27 are wrong.  Hunzeker cannot have provided McGoron with "legal advice."  This improper assertion of privilege also reflects evidence of bad faith on the record that shows that the Magistrate Judge's finding on pp. 21 and 22 of the report and recommendation-- where he says there is no evidence of bad faith--is erroneous.  (The fact that OHA repeatedly reversed the DOE's refusal to produce documents is also possibly evidence of bad faith.

Page 5 of the Vaughn Index:

    o   ***The asserted reason for redactions that "The email communications between NETL Counsel, NETL employees and HQ Human Capital Office were partially redacted and contained information about possible actions regarding Plaintiff before a final decision was made and release of the emails could have a chilling effect on the agency decision-making process as well as cause confusion about the rationale for any final decisions.":***  Records are pre-decisional and deliberative only when Agency policies are formulated.  In the current situation, no Government policies are formulated. Magistrate Judge made a recommendation

under the presumption of good faith of the Agency without reviewing the documents *de novo* (*in camera*). The Plaintiff challenged that the documents are not predecisional and deliberative, during hearing and in the Plaintiff's Motion for summary Judgment. However, the Court failed to address Plaintiff's challenge to review the records *in camera*. (Exhibits 9, 19). As mentioned before, the redacted/requested documents are not labelled as "pre-decisional" or "deliberative" by the Agency.

> o ***Megan McGoran/DPP, AWP, ACP: "107 pages with redacted portions of communications between Penn State officials and NETL's counsel were withheld but subsequently released in a later letter based on OHA's Decision. See exhibit 13 in Guy Declaration."*** :   All of these redactions must be released.  Ms. McGoran is an outside Agency recipient, and, therefore, the Agency cannot claim work product, attorney client, or deliberative process privilege. The presence of an outside party destroys the privilege.

## C.    The Report and Recommendation & District Judge Memorandum of Opinion Both Erroneously Accepted DOE Withholding of Documents Unrelated to Any Agency Policy.

Appellant further objects to the Report and Recommendation's acceptance of asserted privileges concerning documents that are totally unrelated to any proper Agency policy or interest. In particular, the Report and Recommendation failed to identify any justification that the documents are related to any Agency Policy for documents where the DOE failed to specify the role played by withheld documents in any Agency policy-formulation process.

Magistrate Judge erred by accepting the exemptions under attorney-client privilege (ACP), attorney work-product (AWP) and deliberative process privilege (DPP). The requested documents are not related to any Agency Policy being formulated, no legal issue or lawsuit between the Plaintiff and the Agency. The Plaintiff was an employee of the Defendant Agency at that time. This court erred to understand **"Deliberative"** which is actually related to the process by which **policies are formulated.** The Agency engaged in an **adjudicative function** with outside entity**.** This Court erred by diagnosing the failure of the Agency to demonstrate their burden of proof for the following (Government EXHIBIT 69).

> a)      Agency failed to establish that these documents had been treated with any measure of confidentiality within the agency and outside entities (EXHIBITs 9-12).

b) Agency was not a client or lawyer for Centre County Court or Penn State officials. (EXHIBITS 9-12).

c) Agency has failed to establish that any of the documents were prepared in apprehension of litigation.

d) Agency has failed to carry its burden of establishing that litigation was fairly foreseeable when issued NPR (Notice of Proposed Removal) and SF-50 form and thus is not entitled to invoke the exemptions (Government EXHIBIT 60, EXHIBIT 13).

e) Agency's voluntary communications about Plaintiff's personnel/personal documents with Centre County Prosecutor (non-Federal entity) cannot be withheld (EXHIBITs 9-12).

f) Agency failed to provide a Touhy letter as mentioned by the Agency. (EXHIBIT 12, P1)

g) Agency's claim of investigation/records compiled for a law enforcement purpose, especially providing evidence, is merely a pretext for withholding documents. All documents supplied to outside entity out of "comity" cannot be withheld (EXHIBIT 12, P2-3).

The Report and Recommendation states:

"Here, the undersigned finds that the Defendant DOE, NETL's Vaughn Index has provided the court with a detailed analysis of each redaction and document withheld. See Vaughn Index, ECF No. 70-1. Specifically, the index describes the document type, date of the document, author of the document, recipients, the number of pages, the exemption asserted, the basis for the redactions, and an explanation for the redactions. Therefore, the Court finds there is sufficient information to make a reasoned and informed decision as to the DOE, NETL's compliance with the FOIA."

(R&R 27.) Magistrate Judge erred to examine/explain the redactions and withheld documents relation to Agency Policy, deliberative process and the Agency explanations for redactions. Magistrate Judge erred to review them in camera by de novo that these documents are unrelated to any Agency policy and whether they are not labelled, "Pre-descisional" or "deliberative" under Exemptions.

Other specific examples include the following. The Report and Recommendation's statement that *in camera* review is not necessary and the hypothesis that there has been no

showing of bad faith. As explained above, all the communications especially between the Agency and the Centre County, the documents are not privileged. This assertion of privilege strongly suggests bad faith. Other examples of improper assertions of privilege include:

- o EXHIBIT 9: samples of redacted Post-decisional e-mails

- o EXHIBIT 10: Agency communications with Prosecutor and PSU police

- o EXHIBIT 17: Agency communication with outside Prosecutor

Instead of rejecting the Report and Recommendation with respect to these privilege assertions, review redaction de novo and in camera, the District Judge erroneously adopted the decision in ECF 88. Therefore, Appellant requests the Appellate Court to reverse this erroneous order by this Court in ECF 88.

**D.     Further objection identifying errors and the basis for objection in the 2/8/2019 report:**

The Report and Recommendation states:

The undersigned notes that many of Plaintiff's FOIA Requests involve documents relating to the internal investigation of Plaintiff conducted by Defendant NETL as well as NETL's communications with Centre County Prosecuting Attorney's Office and Penn State University, which were in furtherance of Plaintiff's criminal case.

(R&R 2.)

Denying documents under FOIA by referring to another Court case is improper and irrelevant. The Magistrate Judge made erroneous conclusion by referring to another criminal case about the Plaintiff. During the hearing, the Judge even told the Plaintiff that the requested documents can be obtained via the criminal case discovery. Plaintiff argued that the FOIA has no restrictions to get such documents (Court transcripts). This is unlawful and injustice. FOIA is the correct mechanism for obtaining documents that are public and/or relevant to an individual (the Plaintiff). The Magistrate Judge abused his discretionary powers to deny

Plaintiff's requested documents contradicting to the previous order (2/21/2018) asking the Agency to release them to Plaintiff.

The Report and Recommendation further errs (at p. 3) by stating the following erroneous and contradictory points:

> "because there was no evidence that a revised fee letter was sent. Id. Honorable District Judge Irene M. Keeley adopted the undersigned 's report and recommend at ion by order (ECF No. 52) on May 21, 2018, and substituted Department of Energy, National Energy Technology Laboratory as Defendant, thereby allowing Plaintiff to pursue his complaints regarding FO JA requests."

> "However, the Plaintiff did not reference whether administrative remedies had been exhausted for each of the FOIA requests contained in his Amended Complaint and included repetitive requests as well as requests for which required fees had not been paid as required."

These two statements by the Magistrate Judge are apparently erroneous and the basis is explained again as stated on p. 3 of this objection, OHA decision letter dated 11/14/2017 (EXHIBIT 3) was presented to this Court and under 5 U.S.C § 552(a)(6)(C)(i) the plaintiff deemed to have exhausted his administrative remedies and may proceed with this matter in federal district court. No fee requirement was stated in this letter for FOIAs 1347, 1348, 0078 and 1759. Magistrate Judge erred to adopt under 5 U.S.C § 552(a)(6), 5 U.S.C § 552(a)(4)(B), 5 U.S.C § 552(a)(6)(C)(i) that OHA will never issue a letter to Plaintiff instructing to proceed to District Court enabling jurisdiction when the Plaintiff has not exhausted administrative remedies and any pending fees.

## CONCLUSION

As a *Pro Se* applicant, Appellant is a simple citizen seeking Truth and Justice. Therefore, the Appellant requests the 4th Circuit Court to carefully evaluate both Magistrate Judge order on 2/21/2018 (ECF No. 30), the erroneous/contradicting report dated 2/8/2019 (ECF No. 79) and the Memorandum of Opinion dated 9/30/2019 (ECF 88) by the District

Judge adopting the erroneous report by the Magistrate Judge. In conclusion, Appellant specifically points out the Magistrate Judge's proper decision (2/2/1/2018 report, ECF No. 30) implemented under 5 U.S.C § 552(a)(6), 5 U.S.C § 552(a)(4)(B), 5 U.S.C § 552(a)(6)(C)(i) on 2/21/2018. It states, "*Further, on 2/21/2018 it was directed by this Court to respond to the Plaintiff's FOIA requests.*" Appellant has demonstrated the FOIA laws were not followed. It is well explained in Appellant's Motion for Summary Judgment (ECF 69) and final objections in ECF 86. But the District Court made a new and erroneous decision (ECF 79&88) disregarding their previously issued proper order (ECF 30).

For the foregoing reasons, this Court should reverse the judgment of the district court and remand this case for consideration of the merits (following FOIA regulation) of Appellant's claims.

Respectfully submitted,

Date: 11/21/2019

*A. Manivannan*
Dr. A. Manivannan
505 Blanchita Place,
Morgantown, WV 26508,
E-mail: ayyakkannu@comcast.net
Tel: 304-685-8185

**CERTIFICATE OF SERVICE**

I hereby certify that Ayyakkannu Manivannan pro se Appellant have filed the "BRIEF OF APPELLANT" with the Clerk of the Court on November 21st, 2019.

I also certify that I have served Defendant(s) attorney a true copy of the above via Court's electronic filing system. CM/ECF

Tara N. Tighe
United States Attorney Office
1125 Chapline Street
Wheeling, WV 26003
Tel: 304-234-0100
e-mail: tara.tighe@usdoj.gov

Date: 11/21/2019                    _A. Manivannan_____
                                    Dr. A. Manivannan
                                    505 Blanchita Place,
                                    Morgantown, WV 26508,
                                    E-mail: ayyakkannu@comcast.net
                                    Tel: 304-685-8185

# Attached three EXHIBITS for easy access (below):

EXHIBIT3 (9-25-2018_ECF69)

EXHIBIT11 (1-19-2018_ECF17)

EXHIBIT11 (9-25-2018_ECF69)



**Department of Energy**
Washington, DC 20585

NOV 1 4 2017

**EXHIBIT 3 (2 pages)**

BY ELECTRONIC MAIL AND
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Dr. Ayyakkannu Manivannan Ph.D
505 Blanchita Place
Morgantown, WV 26508
ayyakkannu@comcast.net

Re: Case Nos. FIA-17-0041
FIA-17-0042
FIA-17-0043
FIA-17-0044
Request Nos. HQ-2018-00078-F
HQ-2017-01759-F
HQ-2017-01348-F
HQ-2017-01347-F

Dear Dr. Manivannan:

This letter concerns the above-referenced Freedom of Information Act (FOIA) appeals, which
were received by the Office of Hearings and Appeals (OHA) on November 9, 2017. In your
appeals, you challenge the National Energy Technology Laboratory's (NETL) processing of
your FOIA requests. You state that NETL has not issued determination letters with regard to
four FOIA Requests (HQ-2018-00078-F, HQ-2017-01759-F, HQ-2017-01348-F, HQ-2017-
01347-F).

Section 1004.8(a) of the DOE Regulations states that OHA has jurisdiction to consider Freedom
of Information Act Appeals in the following circumstances:

> When the Authorizing Officer has denied a request for records in whole or in
> part or has responded that there are no documents responsive to the request…or
> when the Freedom of Information Officer has denied a request for waiver of
> fees.

10 C.F.R. § 1004.8(a).

With regard to these four FOIA Requests, the circumstances for an administrative appeal do
not yet exist because, as of the date of your appeals, NETL had not yet denied a request for
records in whole or in part, responded that there are no documents responsive to the request, or
denied a request for waiver of fees. Accordingly, your appeals, assigned Case Nos. FIA-17-
0041, FIA-17-0042, FIA-17-0043, FIA-17-0044, are hereby dismissed.



Since the DOE has not issued a final determination for these requests within the statutory time limit, you may be deemed to have exhausted your administrative remedies and may proceed with this matter in federal district court. 5 U.S.C. § 552(a)(6)(C)(i). In the alternative, after receiving a final determination from NETL, you may file another appeal with OHA if you are not satisfied with that determination.

For the above reasons, your appeals, assigned Case Nos. FIA-17-0041, FIA-17-0042, FIA-17-0043, FIA-17-0044, are hereby dismissed.

Finally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> Web: ogis.archives.gov
> E-mail: ogis@nara.gov          Telephone: 202-741-5770
> Fax: 202-741-5769               Toll-free: 1-877-684-6448

If you have any questions concerning this letter, please contact Katie Quintana, Attorney-Advisor, at the Office of Hearings and Appeals, by electronic mail at telephone number (202) 287-6972 or by email at Katie.Quintana@hq.doe.gov.

Sincerely,

Poli A. Marmolejos
Director
Office of Hearings and Appeals

cc (by electronic-mail):

Ann C. Guy
FOIA Officer
National Energy Technology Laboratory
Ann.Guy@NETL.doe.gov

Alexander C. Morris
FOIA Officer
Office of Public Information
Alexander.Morris@hq.doe.gov

# EXHIBIT 11 (3 pages)



**Department of Energy**
Washington, DC 20585

SEP 2 2 2017

BY ELECTRONIC MAIL AND
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Dr. Ayyakkannu Manivannan Ph.D
505 Blanchita Place
Morgantown, WV 26508
ayyakkannu@comcast.net

Re: Case No. FIA-17-0031
Request Nos.
HQ-2017-00833-F/NETL-2017-01017-F
HQ-2017-00890-F/NETL-2017-01016-F
HQ-2017-00946-F/NETL-2017-01081-F
HQ-2017-01069-F/NETL-2017-01141-F
HQ-2017-01070-F/NETL-2017-01080-F
HQ-2017-01268-F/NETL-2017-01260-F
HQ-2017-01284-F/NETL-2017-01308-F
HQ-2017-01347-F
HQ-2017-01348-F

Dear Dr. Manivannan:

This letter concerns the above-referenced Freedom of Information Act (FOIA) Appeal, which was received by the Office of Hearings and Appeals (OHA) on September 15, 2017. In your Appeal, you challenge the National Energy Technology Laboratory's (NETL) processing of your FOIA requests. You state that NETL has not issued determination letters with regard to five FOIA Requests (HQ-2017-00833-F/NETL-2017-01017-F, HQ-2017-00890-F/NETL-2017-01016-F, HQ-2017-01070-F/NETL-2017-01080-F, HQ-2017-01347-F, HQ-2017-01348-F) and has not issued revised fee determinations with regard to three FOIA requests (HQ-2017-01069-F/NETL-2017-01141-F, HQ-2017-01268-F/NETL-2017-01260-F, HQ-2017-01284-F/NETL-2017-01308-F). You also state that NETL responded that there are no responsive records with regard to HQ-2017-00946-F/NETL-2017-01081-F.

Section 1004.8(a) of the DOE Regulations states that OHA has jurisdiction to consider Freedom of Information Act Appeals in the following circumstances:

> When the Authorizing Officer has denied a request for records in whole or in part or has responded that there are no documents responsive to the request…or when the Freedom of Information Officer has denied a request for waiver of fees.

10 C.F.R. § 1004.8(a).



In the case of FOIA requests HQ-2017-00833-F/NETL-2017-01017-F, HQ-2017-00890-F/NETL-2017-01016-F, HQ-2017-01070-F/NETL-2017-01080-F, HQ-2017-01347-F, HQ-2017-01348-F, the circumstances for an administrative appeal do not yet exist because, as of the date of your Appeal, NETL has not yet denied the requests for records in whole or in part as it has not issued determination letters.

With regard to HQ-2017-00946-F/NETL-2017-01081-F, while NETL issued a determination letter on May 5, 2017, stating there were no responsive records, you have already appealed this determination in FIA-17-0012. In response to the appeal, NETL withdrew its initial determination, stating its intention to issue a revised determination after conducting further inquiry. Accordingly, we dismissed your Appeal. We have spoken with NETL, and at this time, it has not issued a revised determination letter for this request. Thus, as it has not yet denied a request for records in whole or in part, the circumstances for an administrative appeal do not yet exist.

Since the DOE has not issued a final determination for these requests within the statutory time limit, you may be deemed to have exhausted your administrative remedies and may proceed with this matter in federal district court. 5 U.S.C. § 552(a)(6)(C)(i). In the alternative, after receiving a final determination from NETL, you may file another appeal with OHA if you are not satisfied with that determination.

As you state in your Appeal, and as NETL confirmed, it has closed FOIA request numbers HQ-2017-01069-F/NETL-2017-01141-F, HQ-2017-01268-F/NETL-2017-01260-F, and HQ-2017-01284-F/NETL-2017-01308-F. As OHA ordered in FIA-17-0020, a revised fee determination was to be issued for these requests. Accordingly, on September 21, 2017, NETL informed OHA that it would be reopening these requests and issuing a revised fee determination.

For the above reasons, your appeal, assigned Case No. FIA-17-0031, is hereby dismissed.

Finally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road-OGIS
College Park, MD 20740
Web: ogis.archives.gov
E-mail: ogis@nara.gov        Telephone: 202-741-5770
Fax: 202-741-5769              Toll-free: 1-877-684-6448

If you have any questions concerning this letter, please contact Katie Quintana, Attorney-Advisor, at the Office of Hearings and Appeals, by electronic mail at telephone number (202) 287-6972 or by email at Katie.Quintana@hq.doe.gov.

Sincerely,

Poli A. Marmolejos
Director
Office of Hearings and Appeals

cc (by electronic-mail):

Ann C. Guy
FOIA Officer
National Energy Technology Laboratory
Ann.Guy@NETL.doe.gov

Alexander C. Morris
FOIA Officer
Office of Public Information
Alexander.Morris@hq.doe.gov

# EXHIBIT 11 (4 pages)

**Guy, Ann C.**

| | |
|---|---|
| **From:** | Hunzeker, Mark T. |
| **Sent:** | Tuesday, February 23, 2016 1:57 PM |
| **To:** | Marisa Williams |
| **Subject:** | RE: MDI |

Got it. Thanks!

Mark

**From:** Marisa Williams [mailto:mlw@williamsandrhodes.com]
**Sent:** Tuesday, February 23, 2016 1:51 PM
**To:** Hunzeker, Mark T. <Mark.Hunzeker@NETL.DOE.GOV>
**Subject:** Re: MDI

Here are the leave records and the email I could find

Marisa

On 2/23/2016 6:26 AM, Hunzeker, Mark T. wrote:

> Hi, Marisa,
>
> I don't know if this will surprise you, or not, but I'm working ████████ (b)(6) ████████. I haven't gotten any supervisor onboard yet to propose anything against him – this is my own initiative, so it might not go anywhere. We'll see. To that end.
>
> Can you tell me without doing any research, where in the investigation I might find his ATAAPS records? ████████████ (b)(5) (WP DP) ████████████. I just thought if you had a basic idea it would prevent me from having to go through the whole thing until I found it.
>
> Also, do you have any evidence (emails, etc.) about you sending ████ (b)(6) the transcript and requesting his review and signature? I REALLY don't think we should let him get away with stonewalling you and thing we should send a message about that. Of course, maybe once we serve him a proposed action he might start remembering things in return for no discipline . . .
>
> Anyway, I appreciate your thoughts on this. Thanks!
>
> Mark
>
> **From:** Marisa Williams [mailto:mlw@williamsandrhodes.com]
> **Sent:** Friday, February 19, 2016 6:41 PM
> **To:** Hunzeker, Mark T. <Mark.Hunzeker@NETL.DOE.GOV>
> **Subject:** Re: MDI
>
> Hi Mark,
>
> FYI, in January the new DA filed another case against Manivannan, charging him with five felony (level